UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LOLA GADDIS, § <br> § <br> Plaintiff, § <br> § <br> vs. § <br> § <br> GARRISON PROPERTY AND § <br> CASUALTY COMPANY, and USAA § <br> CASUALTY INSURANCE § <br> COMPANY, § <br> § <br> Defendants. § | No. 5:16–MC–456–DAE |

ORDER GRANTING MOTION TO TRANSFER

Before the Court is Plaintiff Lola Gaddis' Motion to Transfer pursuant to Federal Rule of Civil Procedure 45(f). (Dkt. # 7.) On May 27, 2016, Joe Lomas and Gregory Lucht ("Movants") filed a response opposing the Motion. (Dkt. # 14.) Pursuant to Local Rule 7(h), the Court finds the matter suitable for disposition without a hearing. For the reasons that follow, the Court **GRANTS** Plaintiff's Motion to Transfer. (Dkt. # 7.)

BACKGROUND

This case arises out of a suit brought by Plaintiff in the United States District Court for the Eastern District of Kentucky. (Dkt. # 1 at 3.) Plaintiff, who was in an automobile accident, allegedly suffered injuries in excess of the liability policy limits of the driver who struck her car; Plaintiff subsequently filed a claim

1

with Garrison Property and Casualty Company ("Garrison") and USAA Insurance Company ("USAA") (collectively, "Defendants") for underinsured motorist coverage benefits.  (Dkt. # 1 at 2.)  Defendants denied benefits, and Plaintiff brought suit against them in state court in Kentucky on September 17, 2014.  Plaintiff's suit alleged breach of contract for failure to pay the benefits allegedly owed, and violations of Kentucky's Unfair Claims Settlement Practices Act and Consumer Protection Act; Defendants removed the suit to federal court.  (Id.; 6:15–cv–132, Dkt. # 1–3.))

On May 2, 2016, United States Magistrate Judge Hanly A. Ingram, the Judge overseeing the case in the Eastern District of Kentucky, held a telephonic conference, attended by counsel for Plaintiff and Defendants, to address various discovery issues.  (Dkt. # 7, Ex. A.)  After the conference, Judge Ingram issued an order granting in part Defendants' objections to taking the depositions of Movants, who are USAA employees located in San Antonio.  (6:15–cv–132–HAI, Dkt. # 44.)  Plaintiff was granted leave to "depose [Movants] only as to their involvement in the handling of the contract claim," and was directed to depose them by May 22, 2016.  (Id.)  According to the order, the parties were required to complete all other discovery by May 10, 2016.  (Id.)

On May 11, 2016, the United States District Court for the Eastern District of Kentucky issued separate subpoenas for Mr. Lucht (Dkt. # 1, Ex. 1-A)

and Mr. Lomas (id. Ex. 2-A), directing them to appear for depositions in San Antonio on May 20, 2016.  On May 18, 2016, Movants filed a Motion to Quash Subpoenas and a Motion for Protective Order in this Court.  (Dkt. # 1.)  The matter was referred to Magistrate Judge Primomo, who deferred consideration of the motion and stayed the depositions pending the Plaintiff's response and Movants' Reply.  (Dkt. # 3.)  Judge Ingram extended the discovery deadline pending this Court's decision on the Motion to Quash.  (6:15–cv–132–HAI, gavel order on Dkt. # 60.)  In the instant motion, Plaintiff moves to transfer the subpoena-related motion to Judge Ingram in the Eastern District of Kentucky, pursuant to Federal Rule of Civil Procedure 45(f).  (Dkt. # 7.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 45(f) was enacted in 2013, and permits "[t]he court where compliance with a subpoena is sought," to exercise its "discretion to transfer related motions to the issuing court . . . upon a finding of exceptional circumstances."  Moon Mountain Farms, LLC v. Rural Cnty. Ins. Co., 301 F.R.D. 426, 428 (N.D. Cal. 2014) (citing Fed. R. Civ. P. 45(f)).  There is no presumption that the court which issued the subpoena "is in a superior position to resolve subpoena-related motions," and "the proponent of transfer bears the burden of showing that [exceptional] circumstances are present."  Chem-Aqua, Inc. v. Nalco Co., 3:14–mc–71–D–BN, 2014 WL 26459999, at *1 (N.D. Tex. June 13,

2014) (quoting Fed. R. Civ. P. 45(f), advisory committee note to 2013 amendment).

Exceptional circumstances exist where a transfer would "avoid disrupting the issuing court's management of the underlying litigation, as when the court has already ruled on issues presented by the motion." Chem-Aqua Inc., 2014 WL 2645999, at *1 (quoting Fed. R. Civ. P. 45(f), 2013 note). In such a case, "transfer would provide for consistent outcomes and judicial economy." Elliot v. Mission Trust Servs., LLC, No. A–14–cv–972–LY, 2014 WL 7157156, at *3 (W.D. Tex. Dec. 12, 2014). Exceptional circumstances also exist where "the same issues are likely to rise in discovery in many districts." Chem-Aqua Inc., 2014 WL 2645999, at *1 (quoting Fed. R. Civ. P. 45(f), 2013 note).

Exceptional circumstances should be weighed against the "burdens on local nonparties subject to subpoenas . . ." Chem-Aqua, Inc., 2014 WL 2645999 at *1 (quoting Fed. R. Civ. P. 45(f), 2013 note). These burdens must be significant, and "an unsupported statement that litigating" in the issuing court's district "would be burdensome and expensive" is insufficient to outweigh the burden on local nonparties. Id. at *3 (internal quotes omitted).

DISCUSSION

Plaintiff alleges that Movants' Motion to Quash and Motion for Protective Order should be transferred to Judge Ingram in the Eastern District of

4

Kentucky, because Movants' Motion is directly related to Judge Ingram's May 2, 2016 Order, which granted Plaintiff leave to depose Movants in a limited fashion. (Dkt. # 7 at 2; id. Ex. A at 1.)  Plaintiff argues that this scenario constitutes an exceptional circumstance, meeting the test set out in Rule 45(f).

I. Whether Plaintiff has alleged exceptional circumstances

Courts addressing the issue of exceptional circumstances have consistently found that where transfer of a motion to the issuing court "would provide for consistent outcomes, and avoid unnecessary disruption of the [issuing] court's case management," the motion to transfer should be granted.  Elliot, 2014 WL 7157156, at *3 (granting Rule 45(f) motion after finding that the discovery process in the issuing court was "vigorously contested" and there was at least one other disputed subpoena related to the litigation); Elliott et al. v. Mission Trust Servs., LLC, et al., 5:14–MC–942–XR (W.D. Tex. Dec. 1, 2014); Cont'l Auto. Sys., U.S., Inc. v. Omron Auto. Elec., Inc., No. 14–C–3731, 2014 WL 2808984, at *2 (N.D. Ill. June 20, 2014) (granting Rule 45(f) motion after finding that "[d]elving into the merits of the litigation in the Eastern District of Michigan constitutes disrupting that court's management of the underlying litigation"); Wultz v. Bank of China, Ltd., 304 F.R.D. 38, 46 (D.D.C. 2014) (granting Rule 45(f) motion after finding that ruling on the motion to quash would disrupt the issuing court's management of the case).

5

Judge Ingram's May 2, 2016 Order granted Plaintiff leave to depose Movants in a limited fashion.  Defendants filed a motion asking Judge Ingram to clarify this order, arguing that his statements during the telephonic conference conflicted with the statements he made in his written order (Dkt. # 14, Ex. 3, at ¶¶ 4, 5); Judge Ingram found this motion moot (6:15–cv–132–HAI, gavel order on Dkt. # 49).  Nonetheless, Movants' Motion to Quash requests this Court to re-evaluate Judge Ingram's May 2, 2016 Order.  (Dkt. # 1.)  While the Movants' Motion to Quash questions the validity of the subpoena itself for failure to tender the required fee and mileage (id. at 4), the bulk of the motion argues that Plaintiff has not met the necessary burden to justify Movants' depositions.  (Id. at 5–10.)  Movants now argue that Judge Ingram's May 2, 2016 order was only provisional.  (Dkt. # 14 at 4.)

The docket does not indicate that the May 2, 2016 Order is provisional; to the extent there is any confusion on the matter, it is the role of the issuing Court to clarify these issues.  If there is no confusion, an order from this Court could undermine Judge Ingram's prior rulings and interfere with his case management. Either way, the Motion to Quash most certainly highlights the sort of exceptional circumstance justifying the transfer of a subpoena-related motion to

the issuing court under Rule 45(f).[1]  Fed. R. Civ. P. 45(f), 2013 note.  Plaintiff has met her burden to justify the transfer of the subpoena-related motion to the issuing court.

II. <u>Whether the burden on Movants outweighs the exceptional circumstances</u>

Where the party seeking to transfer a subpoena-related motion to the issuing Court meets its burden to prove that exceptional circumstances exist, the Court must consider whether the Movants would suffer undue prejudice if the Rule 45(f) motion is granted.  Fed. R. Civ. P. 45(f), 2013 note.  That the Movants will incur additional costs litigating the motion in the issuing court, rather than in their home forum, is insufficient for a finding of undue prejudice.  See <u>Chem-Aqua</u>, 2014 WL 2645999, at *3; <u>Moon Mountain Farms, LLC</u>, 301 F.R.D. at 430 ("the expense argument is unconvincing"); <u>Wultz</u>, 304 F.R.D. at 45 ("Transferring a <u>motion</u> to the jurisdiction where the underlying litigation is pending that will require few, if any, modifications of the written submissions, does not rise to the level of unfair prejudice." (emphasis in original)).  Further, the notes to Rule 45(f) counsel a Court to utilize "telecommunications methods to minimize the burden a transfer imposes."  Fed. R. Civ. P. 45(f), 2013 note.  The docket in the case before

---

[1] Movants' depositions appear to be the last remaining depositions before the closure of the discovery period; however, the Court need not find that similar issues are likely to arise in discovery in other districts to make a finding that exceptional circumstances exist.  See <u>Cont'l Auto Sys.</u>, 2014 WL 3808984; <u>Wultz</u>, 304 F.R.D. 38.

Judge Ingram makes clear that telecommunications methods are already being utilized in the case.  Movants did not argue that they would face any prejudice if the Motion to Transfer was granted, and there is no other evidence before this Court that litigating the Motion to Quash in the Eastern District of Kentucky will impose a significant burden on Movants.  (See Dkt. # 14.)

Accordingly, Plaintiff has met her burden to show that exceptional circumstances exist, and the Court finds that Movants will not suffer unfair prejudice should their Motion to Quash and Motion for Protective Order (Dkt. # 1) be transferred to the Eastern District of Kentucky.  Accordingly, Plaintiff's Motion should be **GRANTED** (Dkt. # 7).

## CONCLUSION

For the reasons stated above, Plaintiff's Motion to Transfer Subpoena-Related Motion is **GRANTED** (Dkt. # 7.)  Accordingly, it is **ORDERED** that the Motion to Quash Subpoenas Issued to Gregory Lucht and Joe Lomas and for Protective Order (Dkt. # 1) is transferred to the United States District Court for the Eastern District of Kentucky, for consideration in Cause No. 6:15–cv–132–HAI.  Any other matters remaining pending for disposition between the parties in the miscellaneous case filed before this Court are **DISMISSED** in this Court only, and without prejudice to the matters being pursued in the Eastern District of Kentucky.

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, May 31, 2016.

David Alan Ezra
Senior United States Distict Judge